UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMIT AGARWAL,

       Plaintiff,

v.                         Case No. 8:16-cv-2641-T-33JSS

TOPGOLF INTERNATIONAL, INC.,

       Defendant.
_____/

**<u>ORDER</u>**

This matter comes before the Court pursuant to Defendant Topgolf International, Inc.'s Motion to Dismiss, filed on November 7, 2016. (Doc. # 27). Plaintiff Amit Agarwal filed a response in opposition on November 11, 2016. (Doc. # 28). For the reasons that follow, the Motion is denied.

**I.   <u>Background</u>**

Agarwal is an investor located in Wimauma, Florida, and the current owner of U.S. Patent 5,370,389 (the '389 patent), for a "Golf Range Method and Apparatus," which infuses golf ranges with technology. (Doc. # 1 at ¶¶ 2, 5; Doc. # 1-1 at 1). Specifically, golf balls are marked with identifying features that indicate from which of a plurality of golfing tees they are hit. (Doc. # 1 at ¶ 2). There are a plurality

1

of target greens located on each fairway toward which players aim. (Id.). When the player strikes a golf ball at the target greens on the fairway, the golf ball hits the sloped rear portion of the target green and slides down into a receptacle hole. (Id.). A sensor in each receptacle hole identifies the player who hit the golf ball and assigns him points. (Id.). The sensors provide a different score value for different target greens. (Id.; Doc. # 1-1 at 1). In short, "[t]he '389 patent covers the end-to-end process relating to playing point-scoring games at high-tech golf courses." (Doc. # 1 at ¶ 2).

Topgolf "operates several high-tech golf driving ranges throughout the country."(Id. at ¶ 6). Agarwal alleges that Topgolf's driving ranges in Dallas, Texas, Allen, Texas, and Alexandria, Virginia infringed on his patent from September 14, 2010, until September 25, 2012, when the patent expired. (Id. at 1). According to Agarwal, Topgolf infringed by providing point-scoring games using golf balls with radio-frequency identification (RFID) chips. (Id. at ¶ 3). Players hit these golf balls toward a plurality of target greens, where the golf balls slide down a sloped surface to be captured in receptacle holes with RFID sensors, which track the players' scores. (Id. at ¶¶ 24-32, 60-62). Agarwal

identifies the target trench at each of the three driving ranges as the "plurality of target greens," that allegedly infringes the '389 patent. (Id. at ¶¶ 24-26). The single target trench at each driving range is comprised of separate compartments, with each compartment having its own receptacle hole. (Id. at ¶¶ 24-26, 30-32). Agarwal claims that Topgolf knowingly infringed his '389 patent and that approximately half of Topgolf's own patents for high-tech golf games cite the '389 patent. (Id. at ¶ 10).

Agarwal filed the present action in this Court on September 14, 2016, alleging willful and direct infringement of claims 1 and 6 of the '389 patent in violation of 35 U.S.C. § 271(a). (Doc. # 1). On November 7, 2016, before any claim construction proceedings, Topgolf filed its Motion to Dismiss. (Doc. # 27). Agarwal responded on November 11, 2016. (Doc. # 28). The Motion is ripe for review.

## II.  Legal Standard

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v.

Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990)("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true."). However,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

Furthermore, "[t]he scope of review must be limited to the four corners of the complaint." St. George v. Pinellas Cty., 285 F.3d 1334, 1337 (11th Cir. 2002). But a "court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed." Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005)(internal citation omitted).

**III. <u>Analysis</u>**

In patent infringement cases,

4

> the Federal Circuit has held that a party claiming
> patent infringement only needs to: (1) allege
> ownership of the asserted patent; (2) name each
> individual defendant; (3) cite the patent that is
> allegedly infringed; (4) describe the means by
> which the defendants allegedly infringe; and (5)
> point to the specific sections of the patent law
> invoked.

Mesh Comm, LLC v. EKA Sys., Inc., No. 8:09-cv-1064-T-33TGW,

2010 WL 750337, at *2 (M.D. Fla. Mar. 4, 2010)(citing

Phonometrics, Inc. v. Hosp. Franchise Sys., 203 F.3d 790, 794

(Fed. Cir. 2000)). In pleading these elements, a plaintiff

must demonstrate a plausible claim for relief as required by

Federal Rule of Civil Procedure 8. See Nexeon Ltd. v.

Eaglepicher Techs., LLC, No. 1:15-CV-955-RGA, 2016 WL

6093471, at *1 (D. Del. Oct. 18, 2016)(noting that "patent

infringement allegations are evaluated under the plausibility

standard of [Twombly]").

The parties do not dispute that Agarwal has alleged

ownership of and cited the '389 patent, named Topgolf as the

sole defendant, and pointed to the section of the patent law

that was allegedly violated. Nevertheless, Topgolf argues

that Agarwal's claim for patent infringement is implausible

on its face and should be dismissed without proceeding to

claim construction. (Doc. # 27 at 1). According to Topgolf,

Agarwal has not plausibly alleged that Topgolf maintained any

facilities or engaged in any conduct that could plausibly infringe the '389 patent.

The parties' disagreement concerns the proper interpretation of the phrase "plurality of target greens" within the patent. Topgolf asserts that Agarwal has not plausibly alleged, and cannot allege, that Topgolf's facilities maintained a "plurality of target greens." (Id. at 2, 15). Rather, according to Topgolf, the Complaint only specifies the existence of a single target trench into which golf balls are hit, which does not qualify as a "plurality of target greens" as the term is typically understood. (Id. at 2, 16).

"[T]he words of a claim are generally given their ordinary and customary meaning." Phillips v. AWH Corp., 415 F.3d 1303, 1312 (Fed. Cir. 2005). Topgolf argues that the term "green" within the '389 patent refers to a circular or elliptical hole marked by a flag, which it asserts is how the term is generally understood in golf. (Doc. # 27 at 7). In support, Topgolf cites to sections of its own website that describe the layout of its driving ranges and other target types, including circular targets marked by flags that Agarwal does not identify as infringing the '389 patent. (Doc. ## 27 at 2, 4). Topgolf also cites to a Washington Post

article to establish that "[n]eutral third parties have recognized the difference between the circular targets [at Topgolf's driving ranges that Agarwal does not allege infringe his patent] that may look like 'greens' and the 'trench target,' which is unique and not like a 'green.'" (Id. at 18). However, the Court will not consider Topgolf's website and the news articles attached to the Motion because they are outside the four corners of the Complaint and are not central to Agarwal's claim.

Additionally, while "green" may typically have one meaning in traditional golf, it is not clear on the record before the Court whether "green" may have carried a different meaning for the patentee. Cf. Phillips, 415 F.3d at 1314, 1316 (noting that "patentees frequently use terms idiosyncratically" and that "our cases recognize that the specification may reveal a special definition given to a claim term by the patentee that differs from the meaning it would otherwise possess," in which case "the inventor's lexicography governs"). The '389 patent attached to the Complaint states that "[e]xisting driving ranges often have small greens that include target flags at which to aim." (Doc. # 1-1 at 1:48-49). This description of a "green" sounds like the construction of the term urged by Topgolf; however, the

patent merely acknowledges that the "greens" at many driving ranges fit that description. Similarly, while the other patents cited in the '389 patent identify "greens" as "generally circular or oval in shape" and marked by a flag, the '389 patent does not state that the term "green" is limited to include only circular greens with target flags, and Topgolf has not cited any case law construing the term "green" in that narrow way. (Doc. # 27-4 at 2:41-42, 64).

While the drawings within the patent display circular holes marked by flags, the patent specifies that these drawings should "be regarded as illustrative in nature and not as restrictive." (Doc. # 1-1 at 3:2-9). The drawings show "a preferred embodiment" of the invention but the invention is "capable of other different embodiments." (Id.); see also Phillips, 415 F.3d at 1323 ("[W]e have expressly rejected the contention that if a patent describes only a single embodiment, the claims of the patent must be construed as being limited to that embodiment." (citing Gemstar-TV Guide Int'l, Inc. v. Int'l Trade Comm'n, 383 F.3d 1352, 1366 (Fed. Cir. 2004))). Thus, at the motion to dismiss stage, the drawings and citations to previous patents within the '389 patent do not render Agarwal's interpretation of the term "plurality of target greens" implausible.

Next, Topgolf notes that each of the purportedly infringing driving ranges had only one target trench. Because there is only one target trench, Topgolf contends that the trench cannot qualify as a "plurality of target greens." (Doc. # 27 at 20); see also Cheese Sys., Inc. v. Tetra Pak Cheese and Powder Sys., Inc., 725 F.3d 1341, 1348 (Fed. Cir. 2013)("The district court correctly assessed that a plurality simply means two or more."). However, the Complaint identifies — and Topgolf concedes — that each target trench is divided into separate compartments with separate receptacle holes and different point values. (Doc. # 1 at 24-26, 30-32; Doc. # 27 at 4, 21). Thus, Agarwal's interpretation of the individual compartments of the target trench as constituting a "plurality of target greens" is plausible. See Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co., No. 2:15-CV-1202-WCB, 2016 WL 1643315, at *3 (E.D. Tex. Apr. 26, 2016)(denying motion to dismiss direct infringement claim before claim construction because "[g]iven the inferences that must be credited at this stage in the case, [Plaintiff's interpretation of the term 'administer' as used in the claims is] not a wholly implausible characterization").

Furthermore, a determination that Agarwal has not stated a plausible claim of infringement against Topgolf because

Topgolf's facilities did not contain a "plurality of target greens" would be premature. Whether Topgolf infringed Agarwal's patent by maintaining a "plurality of target greens" is a disputed fact that should not be resolved on a Rule 12(b)(6) motion. Cf. Hand Held Prods., Inc. v. Amazon.com, Inc., No. 12-CV-768-RGA-MPT, 2013 WL 507149, at *7 (D. Del. Feb. 6, 2013)("Defendants attempt to surreptitiously have the court conduct claim construction as part of its analysis under Rule 12(b)(6), contrary to the purpose of the rule. The analysis required is not to resolve disputed facts, nor decide the merits; rather, the examination is limited to testing the sufficiency of the complaint.").

Such a determination would require the Court to rule on claim construction issues before any claim construction has occurred. As the Federal Circuit wrote,

> We agree with R+L that, to the extent the district court based its assessment of the "reasonableness" of a given inference of infringement on a narrow construction of the patent's claims, claim construction at the pleading stage — with no claim construction processes undertaken — was inappropriate. We afford the claims their broadest possible construction at this stage of the proceedings.

In re Bill of Lading Transmission and Processing Sys. Patent Litigation, 681 F.3d 1323, 1343 n.13 (Fed. Cir.

2012)(vacating in part Rule 12(b)(6) dismissal of inducing infringement claims).

Therefore, the Court will not engage in impromptu claim construction of the term "plurality of target greens" without the benefit of claim construction briefing and a hearing. See Walker Digital, LLC v. Facebook, Inc., 852 F. Supp. 2d 559, 563 (D. Del. 2012)("The court is not prepared to engage in a claim construction exercise at this stage of the proceedings, with no context whatsoever provided by discovery or a motion practice."); see also Tech. Innovations, LLC v. Amazon.com, No. 11-690-SLR, 2012 WL 1441300, at *2 (D. Del. Apr. 25, 2012)(denying motion to dismiss and refusing to construe "the claim terms 'book' and 'printed information,' at this stage of the proceedings, with no context provided by discovery or a motion practice").

Topgolf highlights two cases in which the district court dismissed patent infringement claims with prejudice before claim construction. But the Court finds those cases distinguishable. In Anchor Sales v. Richloom Fabrics, No. 15-CV-4442(RA), 2016 WL 4224069 (S.D.N.Y. Aug. 9, 2016), the court dismissed the patentee's claim because the patent specified that a type of sliding bead was "the essence of [the] invention," but the allegedly infringing products did

11

not include such a sliding bead. Id. at *6. In contrast, the '389 patent does not specify a required shape for a "green" or whether it must be marked by a flag. Furthermore, the patent stipulates that its drawings, which depict circular greens with flags, illustrate merely one embodiment of the invention. (Doc. # 1-1 at 3:2-9).

Additionally, in Atlas IP, LLC v. Exelon Corp., No. 15-C-10746, 2016 WL 2866134 (N.D. Il. May 17, 2016), the court stated that claim construction can be engaged in at the motion to dismiss stage "at least when it is based on facts alleged in or reasonably inferable from the complaint" because "determinations grounded solely on the claim language, the specification and the prosecution history (as opposed to the extrinsic record) are purely legal in nature." Id. at *4. But, here, Topgolf includes references to external sources, including Topgolf's website and a news article, in support of its argument that the term "green" should be interpreted to exclude Topgolf's target trench. (Doc. # 27 at 2-4). Also, Topgolf has cited no case law construing the term "green" or supporting its argument that the single target trench, constituted by numerous separate compartments, could not plausibly qualify as a "plurality" of different targets.

Thus, Topgolf's contention that its target trench does not qualify as a "plurality of target greens" is an argument more appropriate for claim construction. Erfindergemeinschaft Uropep GbR, 2016 WL 1643315, at *4 ("It may be that the proceedings will ultimately determine that the term 'administering' does not reach conduct such as the conduct alleged in the complaint . . . . Those questions, however, are properly left for claim construction, summary judgment, or trial.").

At this stage, when Agarwal's claims are given their broadest construction, the Complaint states a plausible claim for infringement and sufficiently puts Topgolf on notice of the alleged infringing conduct. See Bel Fuse Inc. v. Molex Inc., 27 F. Supp. 3d 557, 563 (D.N.J. 2014)("Here, there has been no claim construction and Plaintiff's allegations are sufficient to put the sole Defendant on notice as to the allegedly infringing conduct."). Therefore, Topgolf's Motion is denied.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

Defendant Topgolf International, Inc.'s Motion to Dismiss (Doc. # 27) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>4th</u> day of January, 2017.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE